PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* FIDEL LIND, Defendant and Appellant.

No. 4016.   Argued February 5, 1930.—March 31, 1930.

*R. A. López Antongiorgi*, for appellant.   *R. A. Gómez*, for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Policeman Domingo Vicente charged Fidel Lind with a violation of section 137 of the Penal Code, committed in the following manner:

"That at 9 a. m. on July 22, 1929, in Esperanza street, Arroyo, . . . the said defendant, Fidel Lind, upon being lawfully arrested by the undersigned, who was then and is now a public officer, to wit, a policeman, and with knowledge that the complainant was acting in the performance of his duties as such officer, willfully, maliciously, and with criminal intent refused to deliver to the undersigned a glass flask containing rum, an intoxicating beverage, which he carried on his person, violently resisting the undersigned in the performance of his duties imposed by law thereby compelling him to make use of his club in order to arrest the defendant."

The defendant was tried and convicted in the municipal court.   He took an appeal to the district court and at the trial *de novo* held therein he demurred to the complaint.   The

demurrer having been overruled, the evidence was heard and the defendant was again convicted, whereupon he took an appeal to this court.

The appellant's brief is a thorough one and the *Fiscal* in his own brief agrees to a reversal of the judgment and to the discharge of the defendant, not only in view of the averments of the complaint, but from a consideration of the evidence as a whole.

We have already noted the contents of the complaint. It is clear to us that, in the light of the jurisprudence laid down in *People* v. *Ramos,* 13 P.R.R. 325, and the complaint alleging violent acts on the part of the defendant, it charges the offense defined and punished by section 84 of the Penal Code, not the crime covered by section 137 of the said code; and as the municipal court had no jurisdiction of the former offense, a felony, the whole proceeding is null and void and the judgment appealed from must be reversed.

Even if such were not the case, a consideration of the evidence—although we think that the testimony of the policeman shows more than is admitted by the *Fiscal* in his brief, since the witness repeatedly stated that he knew that what the defendant was carrying was a flask with rum in it even before seeing the flask and closely examining its contents, both from the shape of the bulge as well as from the smell of the liquid which dripped from the bag—produces in the mind of the judge not merely an impression, but the firm conviction that the policeman assaulted, struck, and wounded the defendant needlessly. In these circumstances, the injustice begun on July 22, 1929, should not be allowed to be prolonged by sentencing the defendant to pay a fine and, in default of payment thereof, to suffer imprisonment in jail. We agree with the *Fiscal* that the words of Judge Gaynor in *People* v. *Hochstim,* 73 N.Y.S. 626–627, quoted below, are substantially applicable to the case herein:

"Subject to correction, and with the fullest deference to the learning and experience of the learned trial judge, I am unable to see

this conviction otherwise than as a most incredible miscarriage of justice. The trial instead of showing this defendant to be guilty of the crime charged against him, seems to me to show him to be guilty of nothing, and instead to reveal the complainant against him as guilty of a criminal offense of the most grave and dangerous character to the community. And yet the defendant finds himself convicted in a court of justice of an alleged felony while the complainant has not even been called to order or accused.''

The judgment appealed from must be reversed and the defendant discharged.